

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VONLEY E. THOMPSON,<br>    Plaintiff, | Civil Action No. 7:11cv00471 |
| v. | MEMORANDUM OPINION |
| DONALD W. FARLEY,<br>    Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Vonley E. Thompson, a Virginia inmate proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983, alleging that the defendant failed to provide him with adequate medical care. The court finds that Thompson's allegations fail to state a claim upon which the court may grant relief; and, therefore, dismisses his action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.

Thompson alleges that while eating a sandwich, he chipped his tooth. Thompson apparently requested medical attention and his tooth was examined by a nurse. Thompson asked to see a dentist and jail officials told him that they would send him to a dentist but that he would have to pay for it. Thompson argues that he should be able to see a dentist at no cost to him.

### II.

Thompson argues that the defendant denied him adequate medical care because he will not take him to see a dentist free of charge. The court finds that Thompson has not demonstrated a serious medical need and, therefore, dismisses his complaint without prejudice.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr.,

904 F.Supp. 487, 492 (E.D.Va. 1995). A "'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). Such a need usually involves a condition that threatens loss of life, illnesses, or permanent disability. Sosebee v. Murphy, 797 F.2d 179, 180-81 (4th Cir. 1986); see Estelle, 429 U.S. at 104-06. Conditions or delays that cause or perpetuate pain may also show serious medical need. Sosebee, 797 F.2d at 181-82; Loe v. Armistead, 582 F.2d 1291, 1295-96 (4th Cir.1978).

Thompson does not allege that he is in any pain or that his chipped tooth threatens his life, an illness, or a permanent disability. Thompson also does not allege that his chipped tooth interferes with his ability to eat, speak, or function in any other capacity. In fact, the court has no evidence that Thompson wants his tooth fixed for anything beyond cosmetic purposes. Accordingly, the court finds that Thompson has not demonstrated a serious medical need and, thus, Thompson has failed to state a constitutional claim.

### III.

For the reasons stated herein, the court dismisses Thompson's action without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

ENTER: This 5th day of October, 2011.

United States District Judge